**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE JIMENEZ CENTENO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, U.S. Attorney General, <br><br> Respondent. | No. 22-581 <br><br> Agency No.    A216-433-023 <br><br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2023<sup>**</sup>
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ,<sup>***</sup> District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

1

Petitioner Jose Jimenez Centeno, a native and citizen of Mexico, petitions this Court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

This Court has jurisdiction under 8 U.S.C. § 1252 and will review the BIA's factual findings for substantial evidence and any legal questions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where, as here, "the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citing *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). As the parties are familiar with the facts, we do not recount them here. This petition is denied.

As an initial matter, the IJ's findings that Petitioner was ineligible for asylum or relief under CAT are not properly before this Court. Petitioner did not meaningfully challenge these findings before the BIA nor before this Court; thus, they are waived on appeal. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980-81 (9th Cir. 2022).

2

Petitioner challenges the IJ and BIA's finding that he is ineligible for withholding of removal. He contends that he established a well-founded fear of future persecution based on his membership in four particular social groups: (1) Petitioner's nuclear family; (2) Mexican men with immediate relatives who served in the military; (3) Mexican men with immediate relatives involved in direct confrontation with the Mexican Drug Cartel; and (4) Mexican men being persecuted by the Mexican Drug Cartel.

As a matter of law in this Circuit, families are the "quintessential" social group. *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018). However, the IJ found, and the BIA affirmed, that the three latter groups were not cognizable. Without meaningful analysis, the IJ dismissed Petitioner's proposed groups of "Mexican men with immediate relatives who served in the military" and "Mexican men with immediate relatives involved in direct confrontation with the Mexican Drug Cartel" as lacking particularity and distinction. The IJ rejected Petitioner's proposed group of "Mexican men being persecuted by the Mexican Drug Cartel," by relying on the "similarly situated or analogous cases" of *Santos-Lemus v. Mukasey*, 542 F.3d 738 (9th Cir. 2008), *Barrios v. Holder*, 581 F.3d 849 (9th. Cir. 2009), and *Ramos-Lopez v. Holder*, 563 F.3d 855 (9th Cir. 2009), all of which held that similar proposed groups were not cognizable.

3

In making these findings, the IJ did not reference or assess whether Petitioner's proffered exhibits, namely news articles and country conditions reports, contradicted these determinations. Without more, this cursory analysis was in error. Neither the IJ nor the BIA engaged in the "rigorous analysis" required to properly assess Petitioner's proposed social groups. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020).

Nonetheless, this error was harmless because substantial evidence supports the IJ's finding that there was no nexus between Petitioner's fear of future harm and his membership in any of the four groups. Petitioner stated on the record that he is unaware of any "specific threats" against himself or his family. His brother, sisters, and mother have not been harassed by the cartel, despite living in the same town as the cartel. Ultimately, the IJ determined that there were no specific, outstanding threats against Petitioner, much less any threats "as related to his brother, his relationship to his brother, or any other family members." This Court has reviewed the record and cannot find evidence compelling a contrary conclusion. Thus, the IJ's findings are conclusive. Given the lack of any nexus to Petitioner's proposed social groups, he failed to establish his eligibility for withholding of removal.

**THE PETITION IS DENIED.**

4